(17 Misc. Rep. 294)

### CARRERE v. DUN.

(City Court of New York, General Term. June 30, 1896.)

APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

    Where defendant did not move to dismiss the complaint, or for the direction of a verdict in his favor, he cannot afterwards insist, on appeal, that the facts did not warrant the submission of the case to the jury, or that the verdict was against the weight of evidence.

Appeal from trial term.

Action by Fanny B. Carrere against Robert G. Dun. Judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Douglas & Minton, for appellant.

James A. Gray, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial. The action was commenced by the plaintiff, as assignee of her husband, to recover for services alleged to have been rendered by him to the defendant, Robert G. Dun. On the trial the value of the services was not seriously disputed, as the defendant contended that he was not liable for any services claimed to have been. rendered by the plaintiff's assignor, on the grounds that there was no employment by them. The evidence of the plaintiff's assignor is to the effect that on February 28, 1893, he was employed by one Greene, as an accountant, to work on the books of R. G. Dun & Co.; that subsequently, and about April, 1893, said Greene, as the representative of R. G. Dun & Co., changed the employment to a yearly hiring on a salary of $2,000 per year; that about November or December of that year said Greene told plaintiff's assignor that he was the attorney for R. G. Dun & Co., and that Mr. Dun, who was the head of the concern, requested that he should make out his (Dun's) private account, stating at the same time that said assignor should be paid for such services in addition; that said assignor, at the request of said Greene, did take the books of R. G. Dun to his home, and worked on them nights, holidays, and Sundays, for a period of about four months, such work covering a period of about 17 years; that, during the progress of the work, defendant, Dun, asked him how he was getting along with the work, and gave him a memorandum of names and dates covering about eight years of the work; that when the work was completed it was returned to Mr. Greene, at the office of R. G. Dun & Co. Plaintiff testified that Greene told her that her husband was to be paid liberally for this work. The defendant called Edward Greene, who testified to the original employment by him of the plaintiff's assignor for R. G. Dun & Co., but denies that he employed him on account of defendant, or that the work complained for was done for defendant, or that the same was extra work, but that the same was work required to be done in the regular course of his employment by R. G. Dun & Co. At the conclusion of the testimony the defendant did not move to dismiss the complaint, or direct a verdict for the defendant; and, having taken his chances with the jury for a favorable verdict, he was precluded from asserting for the first time on appeal that the facts did not warrant their submission to the jury, or that the verdict is against the weight of evidence. Bennett v. Levi (Com. Pl.) 19 N. Y. Supp. 226.

There were numerous objections and exceptions taken during the trial, but as they all related to the authority of Greene to bind the defendant, and that being a question for the jury, it was fairly submitted to them; and they having, in effect, found the power to employ, and the employment, we do not feel justified in disturbing the verdict. Judgment affirmed, with costs. All concur.